FILED

March 5, 2018

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:19 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT MURFREESBORO

| | | |
|---|---|---|
| **DEDRA VINSON,** | ) | **Docket No. 2017-05-0173** |
| **Employee,** | ) | |
| **v.** | ) | |
| **DILLARD'S, INC.,** | ) | **State File No. 89163-2015** |
| **Employer,** | ) | |
| **And** | ) | |
| **SAFETY NAT. CAS. CORP.,** | ) | **Judge Dale Tipps** |
| **Insurance Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

This matter came before the Court on February 28, 2018, for an Expedited Hearing. The present focus of this case is whether Ms. Vinson is entitled to medical and temporary disability benefits for her alleged left hip injury. The central legal issue is whether Ms. Vinson is likely to establish at a hearing on the merits that her injury arose primarily out of and in the course and scope of her employment. For the reasons set forth below, the Court holds Ms. Vinson is likely to meet this burden and is entitled to the requested medical benefits but not temporary disability benefits.

### History of Claim

Ms. Vinson worked for Dillard's as a sales associate. On October 22, 2015, she climbed a set of portable stairs to get some Christmas decorations. As she backed down the stairs, her right foot missed a step. Her left foot remained stationary as she fell backwards and caught herself with the railing. This forced her left leg into what one of her doctors described as a "figure-four position." Although Ms. Vinson felt pain in her hip, she completed her workday. She did not report the accident because she "doesn't run to the doctor over every little thing," and she thought that some rest would take care of it.

1

The day after her accident, Ms. Vinson began a scheduled vacation. She took this time off to assist her mother, who was having knee surgery. Ms. Vinson testified that her mother was able to walk unassisted following the surgery and needed little physical support or care. Ms. Vinson said she suffered neither an accident nor a hip injury while caring for her mother, yet she continued having pain in her hip and problems walking during her time off. When Ms. Vinson returned to work on November 4, she reported the injury and received a panel of physicians.

After seeing several doctors, Ms. Vinson began treating with Dr. Thomas Byrd on July 8, 2016. He noted evidence of damage to the labrum cartilage in the left hip, as well as some tendon damage. On October 27, after additional diagnostic tests and a course of injections, Dr. Byrd recommended arthroscopic surgery to repair Ms. Vinson's labrum cartilage. Dillard's filed a Notice of Controversy a few days later and terminated benefits.

In his deposition, Dr. Byrd noted that Ms. Vinson had degenerative changes in both hips that were asymptomatic prior to the accident. He felt "the difficulty she's experiencing that we recommended surgery for her seemed to come from following the accident." Asked if the workplace fall was the primary cause of her injury, Dr. Byrd testified, "That is correct." He elaborated, "So the fall certainly precipitated the symptoms for which she was being treated. So if she was not having symptoms, we wouldn't be recommending treatment."

On cross-examination, Dr. Byrd acknowledged that Ms. Vinson had preexisting arthritis in her hip and that it was possible her symptoms could have any number of other causes. However, he reiterated that her responses were consistent and that he believed her fall "clearly aggravated" her condition.

Ms. Vinson requested that the Court order Dillard's to provide the surgery that Dr. Byrd recommended. She also requested payment of any temporary disability to which she might be entitled following that surgery.

Dillard's countered that Ms. Vinson is not entitled to workers' compensation benefits. It contended Ms. Vinson failed to establish that her work was the primary cause of her condition. Dillard's contended that Ms. Vinson's accident was unwitnessed, that she did not immediately report the injury, and that her injury might have occurred while she was taking care of her mother.

**Findings of Fact and Conclusions of Law**

Ms. Vinson need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. Instead, she must come forward with sufficient evidence from which this Court might determine she is likely to

2

prevail at a hearing on the merits. *See* Tenn. Code Ann. § 50-6-239(d)(1) (2017); *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015).

*Compensability*

To prove a compensable injury, Ms. Vinson must show that her alleged injury arose primarily out of and in the course and scope of her employment. To do so, she must show her injury primarily arose out of a work-related incident, or specific set of incidents, identifiable by time and place of occurrence. Further, she must show, "to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." "Shown to a reasonable degree of medical certainty" means that, in the opinion of the treating physician, it is more likely than not considering all causes as opposed to speculation or possibility. *See* Tenn. Code Ann. § 50-6-102(14) (2016).

Applying these principles to the facts of this case, the Court first notes that, while Dillard's questioned the details of Ms. Vinson's description of the accident, it presented no testimony or other proof to contradict her claim that she suffered a hip injury at work on October 22, 2015. Ms. Vinson denied Dillard's insinuation that she injured herself while taking care of her mother and testified she suffered no other injury. The Court found her testimony credible, but more importantly, it was unrebutted. Thus, the Court finds no genuine dispute that Ms. Vinson established a specific incident, identifiable by time and place. The question to be resolved, therefore, is whether she appears likely to prove at a hearing on the merits that her work was the primary cause of the injury. The Court finds that Ms. Vinson is likely to meet this burden.

The only medical proof submitted regarding causation was Dr. Byrd's opinion that Ms. Vinson's workplace accident was the primary cause of her injury. Dillard's questioned Dr. Byrd's opinion on the basis that the injury history Ms. Vinson gave him was untrustworthy. This argument fails for the same reason as noted above – Dillard's presented no proof that Ms. Vinson's history was inaccurate or untruthful.

Dillard's noted that Ms. Vinson had a preexisting condition, and it suggested that other causes might be responsible for her current problem. However, the only evidence presented showed that Ms. Vinson injured her hip at work and that the work accident caused her need for treatment. Absent any evidence to the contrary, Ms. Vinson therefore appears likely to prevail at a hearing on the merits in proving that her workplace accident was the primary cause of her need for treatment.

*Medical Benefits*

Having found Ms. Vinson is likely to prevail on causation at a hearing on the

merits, the Court must address her request for medical benefits. Under the Workers' Compensation Law, "the employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident[.]" Tenn. Code Ann. § 50-6-204(a)(1)(A). Dillard's must therefore provide reasonable and necessary treatment with Dr. Byrd, including his recommended hip surgery.

*Temporary Disability Benefits*

Ms. Vinson also seeks payment of temporary disability benefits. However, she did not request temporary disability for any period between her injury and the hearing. Instead, she requested temporary disability benefits for time she may miss from work after her hip surgery. The Court cannot prospectively order benefits that may or may not be owed in the future. Therefore, it must deny Ms. Vinson's request at this time.

**IT IS, THEREFORE, ORDERED** as follows:

1. Dillard's shall provide Ms. Vinson with medical treatment made reasonably necessary by her October 22, 2015 injury in accordance with Tennessee Code Annotated section 50-6-204, including the surgery ordered by Dr. Byrd.

2. Ms. Vinson's request for temporary disability benefits is denied at this time.

3. This matter is set for a Scheduling Hearing on April 25, 2018, at 1:00 p.m. The parties must call 615-741-2112 or toll-free at 855-874-0473 to participate. Failure to call in may result in a determination of the issues without the parties' participation. All conferences are set using Central Time (CT).

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance.

5. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED** this the 5th day of March, 2018.

_____
**Judge Dale Tipps**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:
1. Wage Statement
2. Accident Investigation Report
3. First Report of Injury
4. Notice of Controversy
5. Deposition transcript of Dr. Thomas Byrd

Technical record:
1. Request for Expedited Hearing
2. Dispute Certification Notice
3. Parties' Pre-Hearing Statements

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 5th day of March, 2018.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| D. Russell Thomas, Employee's Attorney | | | X | russthomas@thethomaslawfirm.com Kathryn@thethomaslawfirm.com |
| James Tucker, Employer's Attorney | | | X | jtucker@manierherod.com |

_____
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

5